By the Court.
On April 8,1889, Nora J. To-bias commenced an action in the court of common pleas against her husband, Daniel M. Tobias, and John Rexroth. Previous to this she had commenced an action in the same court against 'her husband for divorce and alimony, in which Rexroth had been appointed receiver of the rents and profits of lands belonging to her in her own right, that were claimed by the husband»
The suit for divorce was pending at the time she commenced this action, but was subsequently dismissed without prejudice to a new action, and without any disposition of the funds in the hands of the receiver. Afterwards, on January 9,1890j she filed an amended petition, in which she avers that the marriage relation between her and Daniel M. Tobias has been dissolved, that there remains in the hands of the receiver $234.19, belonging* to her as the proceeds of her separate estate, and that it is wrongfully claimed by her former husband, and asks that it *520 be ordered 'paid to ber. It is further averred in her amended petition, that Rexroth had filed an affidavit, stating- the amount of money in his hands; that, without collusion, Daniel M. Tobias claims the money; that he is ignorant of the rights of the parties, and asks that they be required to inter-plead, and have their claims settled. To this a demurrer was overruled, and, also, a demurrer to the original petition. The defendant, Tobias, answered claiming the fund as his ovni, and denying-the right of the plaintiff to it; and as a separate defense claimed, that as Rexroth had no title to the fund, other than as receiver in the prior suit-for divorce, and that suit having been dismissed, the court was without jurisdiction to make any order in the premises.
Issues having been thus made as to the ownership of the fund, the case was tried to the court— the defendant, however, refusing- to waive a jury. The court found for the plaintiff and ordered the fund paid to her. No bill of exceptions was taken, and the record does not, therefore, contain the evidence.
On error, the circuit court held, that the common pleas erred in overruling- the demurrer to the original, and also to the amended petition of the plaintiff, and reversed the common pleas and dismissed the action.
We are unable to perceive any ground on which this ruling can be sustained. By the finding of the court below, the money belonged to the plaintiff as the proceeds of her separate estate. It was in the hands of Rexroth, who made no claim to it, asked that the parties might be required to inter-plead, and was willing to pay it to whichever the court might order. The petition of the plaintiff *521 and the answer of the defendant made an inter-pleading. If it were conceded, that the receiver could not have been sued, without leave of the court, at the time of the filing of the original petition, because the suit in which he had been appointed was then still pending, this was not so at the time of the filing* of the amended petition. The suit for divorce had then been dismissed, leaving funds in the hands of the receiver undisposed of. The fund being claimed by both parties, he had the right to require them to interplead, and have the matter judicially deterxhined for. his own protection in disposing of the fund. This was the substance and character of the suit under the amended petition. Moreover, the failure of a party to obtain leave of the court to sue a receiver appointed by it, does not affect the jurisdiction of the court in which the suit is brought, to hear and determine the matter. The requirement is for the. protection of the receiver, and if he makes no objection to the suit being brought without leave, it is difficult to perceive why anyone else should be permitted to do so. He may, as in this case, invite the suit.
Judgment of the circuit court reversed, and that of the common pleas affirmed.